Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
cory@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNE VALERA, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC; MEDICREDIT, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting

//

//

## II.  PARTIES

2. Plaintiff Anne Valera is an individual consumer residing in the State of California, County of Los Angeles.

3. Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 1550 PEACHTREE STREET NW, H46, ATLANTA, GA 30309.  EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

4. Defendant MEDICREDIT, INC. at all times relevant was a corporation doing business in Los Angeles County operating from an address at One Park Plaza, Nashville, TN 3720. MEDICREDIT, INC. is a company who in the ordinary course of business regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies about the corporation's own transactions or experiences with one or more consumers as defined in California Civil Code §1785.25.  MEDICREDIT, INC. furnishes consumer information to consumer reporting agencies.

5. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true

names.

6. Venue in this District is proper in that the Defendants transact business here and the Plaintiff resides here.

### III. FACTUAL ALLEGATIONS

7. In or around November 2020, Plaintiff's credit score dropped twenty points.

8. Plaintiff checked her credit report with EQUIFAX and noticed two accounts from MEDICREDIT.

9. Plaintiff never had an account with MEDICREDIT or its predecessor-in-interest.

10. The accounts belonged to her sister.

11. Plaintiff submitted a written dispute to EQUIFAX regarding the erroneous accounts and called the same day to confirm it received the dispute.

12. Plaintiff called MEDICREDIT to dispute the accounts.

13. EQUIFAX failed to respond to Plaintiff's dispute and continued to report the accounts.

14. Plaintiff then called EQUIFAX to dispute the accounts again.

15. Plaintiff also called MEDICREDIT again to dispute the accounts.

16. Plaintiff submitted another written dispute with EQUIFAX and included proof of identity documents.

17. Plaintiff made another phone call to request the accounts be removed.

18. Plaintiff submitted approximately four disputes total in writing or verbally to EQUIFAX regarding the accounts.

19. Despite the disputes, EQUIFAX continued to report the erroneous accounts.

20. As a result of Defendants' conduct, Plaintiff's credit worthiness has been damaged which affected her in an apartment application, job application and purchasing a car.

21. Plaintiff further suffered from frustration and emotional distress.

//
//

## IV.  FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

22. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

23. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

24. EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the furnishers; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

25. MEDICREDIT violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to EQUIFAX; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to the CRAs.

26. The Defendants' unlawful conduct was willful.

27. Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

28. Plaintiff is further entitled to recover costs and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V.  SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

29. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

30. Defendants violated the CCRAA, by including but not limited to, the following:

    (a) EQUIFAX violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the

information concerning Plaintiff;

(b) EQUIFAX violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file; and

(c) MEDICREDIT violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that it knew or should have known was incomplete or inaccurate.

32. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

33. Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory and punitive damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Punitive damages;

(c) Statutory damages;

(d) Costs and reasonable attorney's fees; and

(e) For such other and further relief as the Court may deem just and proper including but not limited to an order to correct the inaccurate credit information.

Date: June 18, 2021            /s/Jeremy S. Golden_____
                               Jeremy S. Golden
                               Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: June 18, 2021                    /s/Jeremy S. Golden_____
                                       Jeremy S. Golden
                                       Attorney for Plaintiff